IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLEN LEE JAMES MOORE                                                    PLAINTIFF


v.                                      Case No. 4:24-cv-04067


CHARLES FRIDAY; BRAND HENNER;
and OFFICER FROG                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on July 31, 2024, by the Honorable Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Judge Comstock conducted a preservice screening of Plaintiff Allen Lee James Moore's complaint and now recommends that the Court dismiss the case pursuant to 28 U.S.C. § 1915A. Plaintiff objects. (ECF Nos. 9, 10).

### I. BACKGROUND

Plaintiff, an inmate in the Hempstead County Jail, filed this civil rights lawsuit on June 27, 2024, pursuant to 42 U.S.C. § 1983. Plaintiff's complaint concerns events that allegedly took place before he was incarcerated. (ECF No. 1). Plaintiff alleges that Defendant Charles Friday, his attorney at the time, made him plead guilty to charges in October 2020 even though he did not reside at the address where the criminal offense occurred. (ECF No. 1, at 4). Plaintiff alleges that Defendant Friday told him to take the charges, or he would "be facing a lot of time on them." (ECF No. 1, at 4). Plaintiff says that he was sentenced to a 5-year term of imprisonment. Plaintiff alleges that his Constitutional rights were violated because "they" wouldn't let him get a new lawyer. (ECF No. 1, at 4). Plaintiff also alleges that Defendant Brand Henner, his probation officer, teamed up with Defendant Officer Frog to follow Plaintiff from work to his house. (ECF

No. 1, at 5).  Plaintiff then suggests that Defendant Henner was not a probation officer at that time because he had been "fired for something."  (ECF No. 1, at 6).

Judge Comstock conducted a preservice screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and then issued the instant Report and Recommendation.  Judge Comstock recommends that the Court dismiss Plaintiff's case for the following reasons:  (1) Plaintiff failed to assert sufficient facts to establish any claims against the Defendants; (2) Plaintiff's claims are time-barred under Arkansas' three-year statute of limitations; (3) Plaintiff failed to assert sufficient facts to establish a claim of conspiracy against Defendant Friday, assuming he was Plaintiff's court-appointed attorney; and (4) Plaintiff's § 1983 action is not the proper remedy to challenge the fact or length of his custody, and Plaintiff may not claim monetary damages before successfully challenging his detention.  (ECF No. 8).  Plaintiff objects.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally,

"objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). A "clearly erroneous" standard of review applies to the portions of a magistrate judge's report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (instructing a reviewing court to "satisfy itself that there is no clear error on the face of the record").

Plaintiff's objections do not engage with Judge Comstock's findings and recommendation or show any error of fact or law therein. Plaintiff restates the factual background to his original claims and alleges for the first time that Defendant Henner, Frog, and "two other officers" illegally searched his home and seized several controlled substances in 2023.[1] (ECF Nos. 9, 10). Plaintiff also states that he seeks $5.5. million in damages. However, Plaintiff does not allege that he initiated his lawsuit concerning Defendant Friday's alleged actions in 2020 within the three-year statute of limitations period. Further, Plaintiff clarifies that he seeks monetary damages but does not allege that he has successfully challenged his 2020 detention through habeas corpus or some other proceeding. *See Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).

In the absence of specific objections, the Court finds no clear error on the face of the record with respect to Judge Comstock's recommendations and will adopt them.

---

[1] According to the Affidavit for Warrant of Arrest in connection with the 2023 search, which Plaintiff attached to his objections, the 2023 search was conducted "pursuant to a signed warrantless search waiver as a condition of Moore's release." (ECF No. 10, at 9).

3

### III.   CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 8) should be

and hereby is **ADOPTED**.  This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of January, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge